UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

DAVON BURKE,                       )
                                   )
    Plaintiff,             )       Civil No. 2:21-113-JMH
                                   )
V.                                 )
                                   )
ST. ELIZABETH HOSPITAL,            )       **MEMORANDUM OPINION**
*et al.*,                          )            **AND ORDER**
                                   )
    Defendants.            )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Davon Burke has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (DE 2). The Court granted his motion to proceed *in forma pauperis* by prior Order. (*See* DE 8).

The Court must review the complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true. The Court also liberally construes the plaintiff's legal claims in his favor. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Several deficiencies in Burke's current complaint require its dismissal. Before doing so, however, history provides some

context. Burke's involvement in Kentucky's criminal justice system and his filings in this Court date back nearly twenty years. *See, e.g., Burke v. Campbell Co. Det. Ctr.*, No. 2: 03-CV-153-WOB (E.D. Ky. Nov. 4, 2003) (DE 12) therein, dismissing case for failure to exhaust administrative remedies and failure to state a claim; *Burke v. Campbell Co. Fiscal Ct.*, No. 2: 06-CV-191-DLB (E.D. Ky. Dec. 11, 2006) (DE 4) therein, dismissing case for failure to exhaust administrative remedies and as barred by the statute of limitations.

Burke's more recent troubles began in February 2020 when he was charged in Campbell County, Kentucky with possession of methamphetamine in the first degree. While the Campbell Circuit Court imposed drug treatment instead of jail time, Burke was apparently not fully compliant with the conditions of his release and the case remains pending for sentencing. *Commonwealth v. Burke*, 20-CR-00097 (Campbell Co. Cir. Ct. 2021).[1]

By June 2021, a second prosecution was filed against Burke for jumping bail in the first case, as well as for being a persistent felony offender. The PFO charge was dismissed, but Burke was recently sentenced to 18 months imprisonment on the bail

---

[1]   *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=019&court=1&division=CI&caseNumber=20-CR-00097&caseTypeCode=CR&client_id=0 (visited on October 26, 2021).

jumping charge. *Commonwealth v. Burke*, 21-CR-00300 (Campbell Co. Cir. Ct. 2021).[2]

In August 2021, Burke was also charged with numerous offenses in Kenton County, Kentucky; such offenses include being a felon in possession of a firearm, *Commonwealth v. Burke*, 21-CR-01095 (Kenton Co. Cir. Ct. 2021)[3]; possession of methamphetamine in the first degree, *Commonwealth v. Burke*, 21-CR-01096 (Kenton Co. Cir. Ct. 2021)[4]; and disarming a police officer and attempted escape, *Commonwealth v. Burke*, 21-CR-01097 (Kenton Co. Cir. Ct. 2021).[5]

Burke's most recent arrest prompted him to file a raft of new civil complaints in this Court regarding a disparate array of matters pertaining to the criminal charges against him and the conditions of his confinement at the Kenton County Detention Center ("KCDC"). Indeed, since July 2021 Burke has filed more than a half-dozen new civil cases in this Court. *See Burke v. Carl*, No. 2:21-CV-89-DCR (E.D. Ky. 2021); *Burke v. Kenton Co. Fiscal Ct.*, No. 2:21-CV-97-DCR (E.D. Ky. 2021), *appeal pending*, No. 21-5819 (6th Cir. 2021); *Burke v. Iwebvisit.com*, No. 2:20-CV-131-WOB (E.D. Ky.

[2]  *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=019&court=1&division=CI&caseNumber=21-CR-00300&caseTypeCode=CR&client_id=0  (visited on October 26, 2021).

[3]  *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber =21-CR-01095&caseTypeCode=CR&client_id=0 (visited on October 26, 2021).

[4]  See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber =21-CR-01096&caseTypeCode=CR&client_id=0 (visited on October 26, 2021).

[5]  See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber =21-CR-01096&caseTypeCode=CR&client_id=0 (visited on October 26, 2021).

2021); *Burke v. Kenton Co. Fiscal Ct.*, No. 2:21-CV-109-JMH (E.D. Ky. 2021); *Burke v. Campbell Co. Fiscal Ct.*, No. 2:21-CV-111-DCR (E.D. Ky. 2021); *Burke v. ST. Elizabeth Hospital*, No. 2:21-CV-113-JMH (E.D. Ky. 2021); *Burke v. Klier*, No. 2:21-CV-114-HRW (E.D. Ky. 2021); *Burke v. Iwebvisit.com*, No. 2:20-CV-131-WOB (E.D. Ky. 2021).

Many of these cases have already been dismissed without prejudice for a variety of procedural shortcomings, including the failure to plead adequate facts in support of the recited claims and, more commonly, the improper joinder of entirely unrelated claims. *See Burke*, No. 2: 21-CV-111-DCR (DE 5, therein concluding that "Burke's repeated failure to comply with the rules of this Court is not the result of a lack of legal knowledge but, instead, reflects a willful refusal to adhere to readily-comprehended procedural requirements.").

Notably, Burke has made the same claims and asserted them against the same defendants in several cases he filed simultaneously. Indeed, four days before he filed his complaint in this case, Burke filed a complaint in the Kenton Circuit Court setting forth many of the exact same claims that he does in this action. *Burke v. Carl*, 21-CI-01120 (Kenton Co. Cir. Ct. 2021).[6] These include his claims related to his placement in disciplinary

---

[6]   *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber =21-CI-01120&caseTypeCode=OTH&client_id=0 (visited on October 26, 2021).

segregation; his placement on suicide watch; the asserted failure of medical staff to provide immediate care; the use of force by corrections officers during a medical transport; and his placement in a restraint chair. Nonetheless, in his federal complaint, Burke makes a false statement – under oath and penalty of perjury – that he has not filed a prior action related to the same facts. (DE 2 at 8). The action that Burke filed in Kenton Circuit Court has now been removed to this Court and remains pending. *See Burke v. Kenton Co. Fiscal Ct.*, No. 2: 21-CV-132-WOB-CJS (E.D. Ky. 2021).

Like its forebears, Burke's present complaint must be dismissed for several reasons. Burke names nine different defendants in his complaint, and appears to make eight distinct claims. However, Burke asserts several claims against persons or entities that he did not name as defendants in the complaint. These include: (1) his claim, directed against no named person or entity, that he was placed in segregation without a due process hearing, (DE 2-1 at 1); (2) his claim against KCDC officers Kleier, Thoman, and Melgard — none of whom are named as defendants — that he was strapped into a restraint chair so tightly that his blood circulation was constrained, (*id*.); and (3) his claim against Trinity Food Group, which is not named as a defendant, that the food he was provided was not nutritious, palatable, and Kosher, (DE 2-1 at 2). Conversely Burke names three defendants - St.

5

Elizabeth Hospital, KCDC Jailer Mark Fields, and the Kenton County

Fiscal Court - but he makes no allegations or claims against them.

These defendants and claims will be summarily dismissed

pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.

Federal notice pleading requires, at a minimum, that the complaint

advise each defendant of what he allegedly did or did not do that

forms the basis of the plaintiff's claim against him. *Iqbal*, 556

U.S. at 678; *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008).

*See also Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012)

("Plaintiff must state a plausible constitutional violation

against each individual defendant - the collective acts of

defendants cannot be ascribed to each individual defendant.")

(citations omitted).

In addition, the various and distinct claims asserted in

Burke's complaint cannot proceed in a single action. As noted

above, Burke asserts:

1. one claim against officers Harris and Williams arising from the latter's assertedly unjustified use of force during a medical transport (DE 2 at 2)[7];

2. another claim against Bluegrass Regional Mental Health for placing him on suicide watch for an extended period of time (DE 2 at 2);

---

[7] These events also form the basis for the criminal charges pending against Burke for disarming a police officer and attempted escape in *Commonwealth v. Burke*, 21-CR-01097 (Kenton Co. Cir. Ct. 2021). Burke may therefore not pursue these claims at this juncture. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (noting that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

3.  a different claim regarding the conditions of confinement while on suicide watch, not clearly directed towards any named defendant (DE 2 at 2);

4.  another claim against Southern Health Partners for inadequate medical care when Burke suffered chest pains on two occasions (DE 2-1 at 1);

5.  one claim for being placed in disciplinary segregation without a prior hearing, not clearly directed towards any named defendant (DE 2-1 at 1);

6.  a distinct claim about being restrained too tightly while sitting in a restraint chair (DE 2-1 at 1);

7.  another claim against Southern Health Partners staff for declining to prescribe him mental health medication (DE 2-1 at 2); and

8.  a final claim against non-defendant Trinity Food Group for not providing a palatable Kosher diet. (DE 2-1 at 2).

The joinder of multiple claims is governed by Rule 18 of the Federal Rules of Civil Procedure. Rule 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Where, as here, a plaintiff attempts to join claims against numerous defendants, Rule 20(a) provides the governing rule:

(2)  Persons … may be joined in one action as defendants if:

(A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)  any question of law or fact common to all defendants will arise in the action.

7

FED. R. CIV. P. 20(a)(2). Rule 20(a)(2) establishes that a defendant

cannot be joined in an action if the claims asserted against him

or her do not arise from the same event or course of events or

which do not share common factual grounds or legal bases with the

claims asserted against the other defendants. *Wilson v. Bruce*, 400

F. App'x 106, 108 (7th Cir. 2010). Regarding the interaction

between these two rules, the Seventh Circuit has explained that:

> A litigant cannot throw all of his grievances, against
> dozens of different parties, into one stewpot. Joinder
> that requires the inclusion of extra parties is limited
> to claims arising from the same transaction or series of
> related transactions.  See Fed. R. Civ. P. 18, 20; *George
> v. Smith*, 507 F.3d 605 (7th Cir. 2007). (To be precise:
> a plaintiff may put in one complaint every claim of any
> kind against a single defendant, per Rule 18(a), but a
> complaint may present claim # 1 against Defendant A, and
> claim # 2 against Defendant B, only if both claims arise
> "out of the same transaction, occurrence, or series of
> transactions or occurrences." Rule 20(a)(1)(A).

*Wheeler v. Wexford Health Sources, Inc.*, 689 F. 3d 680, 683 (7th

Cir. 2012). *See also George v. Smith*, 507 F. 3d 605, 607 (7th Cir.

2007) ("Unrelated claims against different defendants belong in

different suits, not only to prevent the sort of morass that this

50-claim, 24-defendant suit produced but also to ensure that

prisoners pay the required filing fees.").

Of course, the improper joinder of claims or parties is

ordinarily not, by itself, a basis to dismiss a case. Instead,

Rule 21 authorizes a district court to add or drop a party or to

sever a particular claim to avoid undue delay, expense, confusion,

or prejudice. *Cf. Vermillion v. Levenhagen*, 604 F. App'x 508, 512-13 (7th Cir. 2015).

However, dismissal is warranted on another ground – Burke's earlier filing of another case asserting nearly identical claims against essentially the same defendants. The Supreme Court has long directed the lower federal courts to avoid duplicative litigation where possible. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This recommendation is designed to avoid piecemeal litigation and the prospect of inconsistent determinations, and is based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (cleaned up).

In the context of two federal cases proceeding in parallel, these considerations have given rise to the "first-to-file" rule. Under this principle, "... when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (cleaned up); *see also Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

The rule applies where (1) another action was filed before the present case; (2) the cases involve substantially the same

parties; and (3) the cases involve substantially the same issues or claims. If these conditions are satisfied, the subsequent action may be dismissed in deference to the first-filed case unless the Court finds that the first case was filed in a manner involving "inequitable conduct, bad faith, anticipatory suits, [or] forum shopping." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F. 3d 535, 551 (6th Cir. 2007). These three criteria are all satisfied in this case: Burke filed his first case, now pending in *Burke v. Kenton Co. Fiscal Ct.*, No. 2: 21-CV-132-WOB-CJS (E.D. Ky. 2021), on September 9, 2021, four days before he filed this action.[8] Burke names as defendants in that action many of the same defendants named in this suit: Bluegrass Regional Mental Health, Jailer Terry Carl, St. Elizabeth Hospital, Northkey Mental Health, the Kentucky Association of Counties, Trinity Food Group, Trinity Food Management, Kenton County Fiscal Court, Kenton County Detention Center, the Justice and Public Safety Cabinet, Combined Public Communications, and Iwebvisit.com. And through his original and amended complaints filed in that action, Burke asserts all eight of the claims he sets forth in this action, as well as an additional claim related to privacy concerns. The Court also does not find that any special factor

---

[8] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber=21-CI-01120&caseTypeCode=OTH&client_id=0 (visited on October 27, 2021).

10

militates against the application of the first-to-file rule in this action.

Because Burke's claims are already pending in the suit he filed previously, the Court will follow "the rule of thumb that the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). This action will therefore be dismissed without prejudice in deference to the pre-existing proceeding.

Accordingly, it is **ORDERED** as follows:

1.    Plaintiff Davon Burke's Complaint (DE 2) is **DISMISSED** without prejudice.

2.    This matter is **STRICKEN** from the active docket.

3.    The Court will enter a corresponding judgment.

This the 28th day of October, 2021.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

11